UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ENVIRONMENTAL ENERGY SERVICES, INC., | : |
| Plaintiff, | : |
| VS. | :  Case No. 3:11cv0039 (JCH) |
| CYLENCHAR LIMITED and DR. PETER J. HURLEY, | : |
| Defendants. | :  July 20, 2011 |

### FORM 26(f) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:  January 7, 2011.  The Plaintiff filed an Amended Complaint as a matter of course on July 18, 2011.

Date Complaint Served:  February 1, 2011 (Defendant Hurley) and February 17, 2011 (Defendant Cylenchar Limited).  The Plaintiff served an Amended Complaint as a matter of course on July 18, 2011.

Date of Defendant's Appearance:  Defendant Hurley appeared pro se on June 13, 2011, and by counsel, in lieu of the pro se appearance, on June 27, 2011.  Defendant Cylenchar Limited appeared by counsel on June 27, 2011.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on July 6, 2011.  The participants were:

Donald Herner, Esq., counsel for the Plaintiff.

Jonathan J. Klein, Esq., counsel for the Defendants.

1

I. Certification.

    Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II. Jurisdiction.

    A. Subject Matter Jurisdiction.

    Subject matter jurisdiction is based on diversity of citizenship between the parties and an amount in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332(a)(2).

    B. Personal Jurisdiction.

    Personal jurisdiction is based on conduct by both Defendants within Connecticut or outside Connecticut having a material impact within the state, all under the Connecticut long-arm statutes, C.G.S. Sections 52-59b, 33-929 and 52-59d.  Venue is proper in this Court, pursuant to 28 U.S.C. Sections 1391(a)(2) and 1391(d).

III. Brief Description of the Case.

    A. Claims of Plaintiff.

        1. This diversity action seeks damages, including reimbursement of funds expended by the Plaintiff for the benefit of the Defendants as redress for the wrongful conduct by both Defendants.

2.  The Plaintiff's claims arise out of fraudulent or negligent misrepresentations made by the Defendants which induced the Plaintiff to perform services and expend extensive funds having a value in excess of $500,000 for the benefit of the Defendants during the period commencing April 1, 2010 for which the Plaintiff has received no consideration whatsoever.

3.  None of the Plaintiff's claims seeks to enforce rights purportedly granted to the Plaintiff pursuant to a certain Memorandum of Understanding (the "MOU") described below which expired by its own terms on March 31, 2010.  Plaintiff's claims for relief are based on unjust enrichment and quantum meruit, fraudulent or negligent misrepresentations, and violation of the Connecticut Unfair Trade Practices Act.

B.  <u>Defenses and Claims of Defendants</u>.

1.  The Amended Complaint, which was filed by the Plaintiff on July 18, 2011, after the Rule 26(f) conference, does not allege any conduct by Defendant Hurley other than in his capacity as the Managing Director of Defendant Cylenchar Limited.

2.  The MOU contained certain provisions which were expressly made binding on the Plaintiff and Cylenchar, namely those dealing with exclusivity, costs, confidentiality, alternative dispute resolution, and the governing law provision (English law).

3.  The claims of the Plaintiff set forth in the Amended Complaint, while no longer including a count sounding in breach of contract (<u>i.e.</u>, breach of the MOU), still allege a dispute or controversy arising out of or in connection with the MOU, which is

subject to arbitration in London, United Kingdom, under the rules of the London Court of International Arbitration, as provided in Paragraph 13 of the MOU, which paragraph is specifically made binding on the Plaintiff and Defendant Cylenchar Limited.

   4. The Defendants have not been unjustly enriched, as they have not benefited unjustly from the Southern Research Institute ("SRI") trial of the CyCurex® technology at a cement factory.

   5. The Defendants did not make any fraudulent or negligent misrepresentations to the Plaintiff.

   6. No acts of the Defendants, either individually or cumulatively, constitute a violation of the Connecticut Unfair Trade Practices Act.

   7. In the event that the Defendants' Motion to Dismiss and Compel Arbitration, dated June 30, 2011, is denied, the Defendants anticipate filing counterclaims against the Plaintiff arising out of the Plaintiff's self-dealing and breach of fiduciary duty by representing the CyCurex® technology as part of its own product line, interfering with and/or misappropriating business opportunities, and compromising and diminishing the value of the CyCurex® technology.

  C. <u>Defenses and Claims of Third Party Defendants</u>. Not applicable.

IV. <u>Statement of Undisputed Facts</u>:

  A. The Plaintiff is a Connecticut corporation having its principal office in Sandy Hook (Newtown), Connecticut .

  B. Defendant Cylenchar Limited is a limited liability company registered in England and Wales, resident in the United Kingdom.

C. Defendant Hurley is an individual, who is a resident of the United Kingdom, and is the Managing Director of Defendant Cylenchar Limited.

D. Defendant Hurley is an inventor of mercury removal technology, including the patent-pending CyCurex® technology for the remediation of heavy metals, most notably mercury, in industrial gases, especially those emitted by coal-fired power plants.

E. On or about December 8, 2008, the Plaintiff and Defendant Cylenchar Limited executed an MOU which provided for the formation of a joint venture between the Plaintiff and Defendant Cylenchar for the purpose of forming a holding company to market, promote, sell and exploit Cylenchar's patent-pending CyCurex® technology.

F. Although the MOU, by its terms, was "not, and is not intended to be, legally binding", the parties agreed that certain specific provisions, including Paragraph 13 which provides for mediation and arbitration of disputes, were expressly made legally binding, in consideration for good and valuable consideration.

V. <u>Case Management Plan</u>:

A. <u>Standing Order on Scheduling in Civil Cases</u>.  The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

1. With respect to Paragraph (3) of the Standing Order, all motions relating to joinder of parties, claims or remedies, class certification and amendment of the pleadings shall be filed by August 31, 2011, or 15 days after the Defendants' Motion to Dismiss and Compel Arbitration is decided, whichever is later.

2. With respect to Paragraph (4) of the Standing Order, all motions to dismiss based on the pleadings shall be filed by July 1, 2011, <u>nunc pro tunc</u>,[1], with the exceptions of the Defendants' right to move to dismiss any amended complaint which may be filed after the pending Motion to Dismiss and Compel Arbitration is decided, and the Plaintiff's right to move to dismiss any counterclaim which may be filed by either of the Defendants if the pending Motion to Dismiss and Compel Arbitration is denied. The Defendant's Discovery will be commenced by 30 days after the Defendant's motion to dismiss is decided and will be completed by March 30, 2012.

3. With respect to Paragraph (5) of the Standing Order, discovery will be commenced by 30 days after the Defendant's Motion to Dismiss and Compel Arbitration iis decided, and will be completed by March 30, 2012.

B. <u>Scheduling Conference with the Court</u>. The parties request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The parties prefer a conference by telephone.

C. <u>Early Settlement Conference</u>.

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

---

[1] On June 30, 2011, the Defendants moved, pursuant to Fed. R. Civ. P. Rule 12(b)(6) and 9 U.S.C. Section 4, that this action be dismissed for failure to state a claim upon which relief can be granted, and to compel arbitration of all claims asserted in the complaint in accordance with the arbitration provision of the MOU. It is the position of the Defendants that that motion addresses the Amended Complaint filed on July 18, 2011 as well.

2. The parties do not request an early settlement conference, but a settlement conference may become appropriate and helpful if and when the Defendants' Motion to Dismiss and Compel Arbitration is denied.

3. If and when a settlement conference becomes appropriate, the parties prefer a settlement conference with a magistrate judge.

4. The parties do not request a referral to alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16. The Defendants do, however, seek to compel arbitration, pursuant to Paragraph 13 of the MOU, under the rules of the London Court of International Arbitration in London, United Kingdom, and so moved on June 30, 2011.

D. <u>Joinder of Parties and Amendment of Pleadings</u>.

1. The Plaintiff should be allowed until August 31, 2011 to file motions to join additional parties, and until August 31, 2011 or until 15 days after the Defendant's motion to dismiss is decided, whichever is later, to file motions to amend the pleadings.

2. The Defendants should be allowed until August 31, 2011 to file motions to join additional parties, and until fifteen (15) days after the Defendant's motion to dismiss is decided to file a response to the Amended Complaint.

E. <u>Discovery</u>.

1. The parties anticipate that discovery will be needed on the following subjects:

a. The Plaintiff needs discovery with respect to:

(1) the organization structure, formation, ownership, finances, and decision making of Defendant Cylenchar Limited;

(2)  Defendant Hurley's activities, from April 1, 2010 onward, to exploit the CyCurex® technology (the "Hurley #2 patent"), both on his own behalf and on behalf of Defendant Cylenchar Limited.

(3)  All of Defendant Hurley's contacts with, solicitation of, and business relationships with the Plaintiff's investors, customers and any other parties to whom Defendant Hurley was introduced by the Plaintiff;

(4)  All uses made by either Defendant of the SRI test;

(5)  All ownership interests in and liens upon the Hurley #2 Patent, including the time periods of such ownership interests;

(6)  All benefits secured by either Defendant based upon performance by the Plaintiff following expiration of the MOU on March 31, 2011; and

(7)  All communications by either Defendant from April 1, 2010 onward addressed to the Plaintiff or to others referring to or about the Plaintiff.

b.  The Defendants need discovery with respect to:

(1) the SRI trial;

(2) all of the Plaintiff's dealings with Peter D'Amico and Bulk Materials International ("BMI");

(3)  the Plaintiff's self-dealing and representation of the CyCurex® technology as part of its own product line;

(4)  the Plaintiff's interference with and/or misappropriation of business opportunities; and

(5) the Plaintiff's compromising and diminishing the value of the CyCurex® technology.

2. All discovery, including deposition of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by 30 days after the Defendant's motion to dismiss is decided and completed (not propounded) by March 30, 2012.

3. Discovery will not be conducted in phases.

4. Discovery will be completed by March 30, 2012.

5. The parties anticipate that the Plaintiff will require a total of three (3) depositions of fact witnesses and that the Defendants will require a total of three (3) deposition of a fact witness. The Plaintiff's depositions will commence within 30 days after the Defendants respond to interrogatories and requests for production and be completed by March 30, 2012. The Defendants' depositions will commence by February 1, 2012 and be completed by March 30, 2012.

6. The Plaintiff will request permission to serve more than 25 interrogatories. The Defendants will not request permission to serve more than 25 interrogatories.

7. The Plaintiff intends to call expert witnesses at trial. The Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts, pursuant to Fed. R. Civ. P. 26(a)(2), by a date not later than three (3) months before the deadline for completing all discovery. Depositions of such experts will be completed by a date not later than two (1) month before the deadline for completing all discovery.

8. The Defendant intends to call expert witnesses at trial. The Defendant will designate all trial experts and provide opposing counsel with reports from retained experts, pursuant to Fed. R. Civ. P. 26(a)(2), not later than one (1) month before the deadline for completing all discovery. Depositions of such experts will be completed by March 30, 2012.

9. A damages analysis will be provided by the Plaintiff, and by the Defendants if a counterclaim is filed, by April 20, 2012.

10. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of the costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure, and management of electronically stored information: Counsel shall immediately instruct their respective clients to preserve all e-mails and attachments to e-mails, and all other electronically stored documents relating to the subject matter of this action, to print them out and send them to their counsel.

11. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

      a. If a party determines that a document or documents produced should have been protected, it will ask the receiving party to accord it such protection.

      b. If the receiving party refuses, then the sending party will file a motion for protective order.

F. <u>Dispositive Motions</u>.

Dispositive motions will be filed by April 30, 2012.

G. <u>Joint Trial Memorandum</u>.

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by June 29, 2012.

VI. <u>Trial Readiness</u>.

The case will be ready for trial by July 31, 2012.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

           The Plaintiff, ENVIRONMENTAL
           ENERGY SERVICES, INC.

      By:  /s/ Donald Herner
           Donald Herner (ct28520)
           Herner & Associates, LLC
           222 Selleck Street
           Stamford, Connecticut  06902
           Phone:  (203) 975-8818
           Fax:  (203) 326-8710
           E-mail:  herner@hernerassoc.com

                The Defendants, CYLENCHAR
                LIMITED and DR. PETER J. HURLEY

By:  /s/   Jonathan J. Klein
       Jonathan J. Klein (ct00513)
       1445 Capitol Avenue
       Bridgeport, Connecticut  06604-1619
       Phone:  (203) 330-1900
       Fax:  (203) 330-1526
       E-mail:  jjkesq@hotmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2011, a copy of the foregoing Form 26(f) Report of Parties' Planning Meeting was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

                /s/  Jonathan J. Klein
                Jonathan J. Klein (ct00513)
                1445 Capitol Avenue
                Bridgeport, Connecticut  06604-1619
                Phone:  (203) 330-1900
                Fax:  (203) 330-1526
                E-mail:  jjkesq@hotmail.com